Ursula Lenhardt

489 South East Street

Mankato, 66956 Kansas

Phone (785) 282-8422

u.lenhardt@gmx.com



FILED

AUG 02 2021

Clerk, U.S. District Court
By _____ Deputy Clerk

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **URSULA LENHARDT** | case number: 5:21-CV-4048-JWL-ADM |
| **Plaintiff – pro se** | |
| **vs.** | |
| **FEDERAL REPUBLIC OF GERMANY (Deutsche Bundesregierung) via FOREIGN MINISTRY OF GERMANY (Auswaertiges Amt, Berlin-Germany) Mr. HEIKO MAAS, Berlin for the employees of the GERMAN CONSULATE, Chicago, USA** | |
| **Defendants (et al).** | |

## CIVIL COMPLAINT

### Introduction

1.    URSULA LENHARDT, Plaintiff pro se brings this Civil Complaint individually for money damages/compensation, punitive damages and injunctive relief and any other available legal or equitable remedies, resulting from the **retaliatory/discriminatory** misconducts of the employees (list of names attached as **Exhibit A**) of the German Consulate in Chicago, USA, employed by the GERMAN FOREIGN MINISTRY OF

THE FEDERAL REPUBLIC OF GERMANY (Defendants)  in intentional and willful omission to perform their duty of issuing a new German Passport for Plaintiff since 2017. *Before Plaintiff came to the USA, Plaintiff filed a lawsuit with the court in Kiel, in Germany, case number/ Aktenzeichen 111C172/10 - to object illegal misconducts seeking justice for her deceased (murdered) younger Brother (for a crime committed by family members of a former Nazi-judge and their attorneys);* Plaintiff engaged in a protected activity filing the lawsuit in her home country, Plaintiff's lawsuit in her home country is an act traditionally covered under the First Amendment to the Constitution of America, as well as by German law. Defendants retaliated against Plaintiff while she is living in the USA , withholding her urgently needed Passport to intentionally harm Plaintiff - thereby Defendants violated protected civil rights pursuant to the First Amendment to the Constitution of the United States of America and Section 1983 as well as subsequently violating a number of other protected civil rights pursuant to American, European and German law, which significantly harmed Plaintiff,

intentionally hindering Plaintiff (without a valid Passport)

...to proceed with her immigration case here in the USA,

...obtaining an ITIN-number,

...taking a well paid position in an other country to work,

...maintaining a sufficient lifestyle

(Plaintiff lost this and two other job opportunities and thereby lost her wages as Plaintiff could not travel without a Passport to start her job. Defendants knew that but that's what they wanted, to hinder plaintiff living her life),

...Defendants intentionally and willingly causing emotional distress keeping Plaintiff knowingly living in a foreign country with little to no income or security for nearly five (5) years. (…)

Plaintiff is entitled to relief.

## Jurisdiction and Venue

2.     Jurisdiction is proper under 28 U.S.C. Paragraph 1332(d)(2) because Plaintiff is a resident of Jewell County, Kansas - seeks relief on behalf of herself as an individual which results in the fact that Plaintiff belongs to a different state than that of Defendants (doing business, offering and sometimes(!) providing their services as the German Consulate in Chicago, Illinois and at their Branch, the Honorar Consul in Kansas-City, Missouri). Plaintiff also seeks damages of at least $12 Million and prays this Court for the immediate order to have defendants compelled to issue Plaintiff's Passport – for repeated violation of Plaintiff's protected civil rights pursuant to the First Amendment to  the Constitution Of the United States of America and 42 U.S.C., Paragraph 1983. (and other applicable law). The requested amount in damages exceeds the threshold for Federal Court Jurisdiction.

As Defendants willful misconduct, omission of performance of their duty  (*they intentionally refused to issue Plaintiffs urgently needed Passport*), caused significant harm to plaintiff, Plaintiff has Article III standing. Therefore both, diversity jurisdiction and the damages threshold are present - as well as Artikel III standing - and this Court has jurisdiction.


3.     As defendants acted intentionally and willfully in omission, failing to perform their duty, issuing Plaintiff's Passport, for which Plaintiff had to pay the fees (a public service as determined also by German law, 'Passverordnung. PassV'), **see EXHIBIT E**, as representatives of the Federal Republic of Germany here in the United States, dragging on their retaliation against Plaintiff into this country, so this act of omission occurred in the United States of America. Defendants waived or lost immunity pursuant to U.S.Code Paragraph 1605 (a) (5) - "*General  exceptions to the jurisdictional immunity of a foreign state*". Defendants are liable and  responsible, comparable to any public official - as they acted **in omission**, failing to fulfill their part of an act of public service (comparable to breaching their part of a contract, or

intentionally failing to perform their duty). It was not an act of sole discretion. Defendants are allowed to be sued.

Moreover, in 2008 Congress amended exemptions under which foreign nations are allowed to be sued for private cause of action (in coherence with terrorism related cases) – retroactively these modifications were applied to the other legal cases pending at that time, since that time.

### Parties

4.      Plaintiff is and at all time mentioned herein was a citizen of Germany and a resident of Jewell county, Kansas. Plaintiff is and was at all time mentioned herein a "person" as defined by 47 U.S.C. Paragraph 153 (39).

5.      Plaintiff is informed and believes, and thereon alleges, that Defendants are and at all time mentioned herein were individuals who reside and doing business/providing their public services via the Consulate of the Federal Republic of Germany, Chicago within the State of Illinois. Defendants are, and at all times mentioned herein were "persons" as defined by 47 U.S.C. Paragraph 153 (39). Pursuant to the German Constitution, Article 34

#### *Article 34: [Liability for violation of official duty]*

> *If any person, in the exercise of a public office entrusted to him, violates his official duty to a third party, liability shall rest principally with the state or public body that employs him. In the event of intentional wrongdoing or gross negligence, the right of recourse against the individual officer shall be preserved. The ordinary courts shall not be closed to claims for compensation or indemnity*

is the Foreign Ministry of the German Government liable and responsible, doing business and providing their services in Berlin, Germany and are in their position as officials "persons" as defined by 47 U.S.C. Paragraph 153 (39) as well. Further allows 42 U.S.C. Paragraph 1983 state officials to be sued in their individual or official

capacities. A principle which was demonstrated also in *Brandon v. Holt [28]*. Defendants in this case are sued as persons in their official capacities, which is allowed pursuant to Section 1983.

### Factual Allegations

6.      Defendants willfully and intentionally refused to accept Plaintiff's application for her German Passport in 2017 (Defendants willfully refused to apply Paragraph 17 of the German 'Passverordnung, PassV' for a fee waiver, knowing that Plaintiff could not pay the fees – in retaliation, because Plaintiff objected illegal conducts in her home country and filed a lawsuit against family members of a former Nazi-Judge, a case in which Plaintiff's and her family's protected rights and human rights were violated, Plaintiff's younger Brother was fatally victimized and no justice could be achieved in Germany, which caused Plaintiff to remain in the United States of America) – Defendants repeatedly are withholding Plaintiff's Passport without any adequate or appropriate  reason by law, last applied for in Sept. 2020 when Plaintiff submitted all requested documents and paid the fees of $ 298.00 ( **see EXHIBIT E**)- . Defendants were obliged to but intentionally failed to perform their duty issuing Plaintiff's Passport.

7.      By this omission of their performance of duty, withholding Plaintiff's Passport, defendants subsequently significantly, intentionally restricted and deprived Plaintiff of protected civil rights pursuant to the First Amendment and violated Section1983 as they acted in retaliation. Defendants intended and knew they would affect and harm Plaintiff's life and her rights
- for regular, unhindered proceedings with her immigration case here in the United States,
- for free choice and accepting job-offers (Plaintiff's right for work),
- for any form of Social Security, Retirement Insurance, Health Care and
- for obtaining an International Tax-Identification Number

- Plaintiff's right for any benefits during the Covid-Pandemic like applying for a stimulus check that every resident of the United States received,

- for maintaining an appropriate life-quality (Plaintiff could not start to work, subsequently lost her wages ) and

- for maintaining a regular livelihood – by hindering Plaintiff to take an offered job to work and earn money - also

- for renewal of her driving license, and

- maintaining a bank account (..)

8.      Defendants' repeated omission to perform their duty, to issue Plaintiff's new Passport in September 2020 (a public service regarding German law, for which Plaintiff paid the fees in 2020) intentionally and willingly not to issue Plaintiff's urgently needed Passport constitutes again an illegal act of retaliation as Plaintiff participated in a protected activity, objecting an illegal misconduct, filing a lawsuit against family members of a former Nazi-Judge in her home country of Germany because Plaintiff's younger Brother died (June 2007) of these people's intentional and criminal misconducts. Plaintiff received three different reasons on what her brother finally died of…!

The First Amendment right to criticize or object a public official is well-established and supported by ample case-law; a public official's retaliation against an individual exercising his or her First Amendment rights is a violation of Paragraph 1983. It is also a violation of the German constitution granting the right for petition (...or complaint) without facing retaliation or restrictions, pursuant to the German Constitution, Article 17 (and other applicable regulations)..

*After Plaintiff objected an illegal and overpriced deal in 2001 between the United States and the German Pharma-Incorporation BAYER AG, Plaintiff's younger Brother became violently victimized in her home country of Germany, involved in a car accident, kept heavily injured for more than 5 years, **isolated** from Plaintiff's family and his friends, abused physically, emotionally and financially until he finally died of this intentional misconducts he helplessly had to endure. After Plaintiff's family was notified of the dead of Plaintiff's younger Brother, Plaintiff objected these illegal misconducts of the German authorities but justice were*

*intentionally and willingly denied in Germany. The main- defendants are family members of a former Nazi-Judge. Plaintiff proved that their defending attorneys (Fischer&Knipphals, Kiel, Germany) were involved in illegal misconducts against Plantiff's younger brother, so these defendants did not have any legal defense. This case before a German court in Kiel should have been solved in Plaintiff's favor within a few weeks as there was no legal defense. Their defense attorneys violated German law providing intentionally false information in order to obtain money from an insurance company for Plaintiff's heavily injured younger Brother, which they were not entitled to, and they received the money which they routinely misused – (in comparable other cases, like the case of the former German defense minister, Mr. Theodor zu Guttenberg, officials immediately loose their jobs if there are irregularities or misbehavior found in their biographies, even if Mr. Guttenberg's mistake did not harm any persons' life, not so in this case where Attorneys Fischer & Knipphals of Kiel intentionally caused and aided Plaintiff's Brother's injuries and dead, it clearly shows that these people got treated as if they are above the law and are entitled to whatever crime they commit, and however they harm other peoples' rights, they can get away with it. This was clearly and is an indifferent application of law, it violated existing German law, as other and even higher officials loose their position, while these people get away with the gravest crimes one can imagine – and the Court in Kiel ignored it.*

*They also violated Plaintiff's Human Rights not to inform Plaintiff's family about the so called accident and the further medical proceedings of Plaintiff's heavily injured younger Brother. These attorneys should have been barred from practicing law immediately, and the case should have been decided in favor of Plaintiff's family, but these lawyers are practicing law in Germany still and the court in Kiel tolerated all their proven criminal misconducts. However Plaintiff's younger brother never received anything for his pain and suffering, no compensation what so ever, he was heavily injured during this accident, isolated, survived after being in a coma for 3 months, got abused and stayed helpless until he died. This case should have been decided in Plaintiff's favor immediately some weeks after submission, at least following German law. Plaintiff engaged in a protected activity objecting these misconducts since 2008, beginning by reporting it to the police and then filing a lawsuit empowered by her Father, for her Father, with the court of Kiel, Germany, case number: 111C172/10-AG Kiel.*

*Defendants in this case here dragging on their retaliation against Plaintiff into this country, intentionally failing to perform their duty issuing Plaintiff's new and urgently needed Passport, knowing it would significantly harm Plaintiff, obviously aiming to ruin Plaintiff's existence.*

9.     Plaintiff files this retaliation suit in violation of the First Amendment to the Constitution of the United States of America and for violation of her protected rights under Section 1983, as Defendants willingly and knowingly massively violated and restricted Plaintiff's civil rights as listed above to intentionally and repeatedly harass and harm Plaintiff here in this country by withholding her Passport without appropriate

reason by law. Plaintiff tried to apply for a new Passport in 2017 when her old document was about to expire - and as Defendants refused to accept her application, because they did not want to waive the fees and Plaintiff could not pay the $300.00 at that time and offered proof for it as requested (Plaintiff had lesser money available than a person in Germany on welfare, which actually by law qualified her for a fee waiver pursuant to Paragraph 17 of the German Passverordnung, PassV). The German Consulate in Chicago insisted on the fees and refused to accept Plaintiff's application for her urgently needed Passport in 2017. Plaintiff has evidences for this conduct available as well as the translations of emails/communication exchanged of that time which need to be notarized as authentic– but these evidences support honestly stated facts of defendants omission, and do exist. Defendants also know that these evidences exist.

10.    Defendants behavior also violated a number of existing German rules, like 'Gebuehren-Ueberhebung' ='Overcharging of Fees', 'Trying to Overscharge Fees'; as well as 'Unterlassen einer Amtshandlung' = 'Omission to perform an official duty'. For which the fines or prosecution by law in Germany suggests more than a year in prison and termination.
There is also a law in Germany prohibiting 'Harassment' or retaliation = 'Schikaneverbot', which prohibits the application of a law, just to harass or harm people.
Also violated are a number of regulations pursuant to the German Constitution, like Article 1, 2 and 3, Article 12 (Occupational freedom) (...)

11.    Plaintiff again tried for her Passport in September 2020, submitting all requested documents and paid the fees, also a sworn and court-confirmed affidavit obtained from her sister in Germany in order to prove her german citizenship, because her old Passport was expired since 2017 (see EXHIBIT     ). This after the Honorar Consul in Kansas City **requested** this additional documentation. Plaintiff obtained it and had to pay about $300.00 for this additional documents alone. The embassy also asked for

the marriage certificate of Plaintiff's deceased parents in order to prove Plaintiff's German citizenship.

These specific documents were all to have Plaintiff's German citizenship confirmed, but during the application process in Kansas City when Plaintiff **presented all these additional documents as well**, the Honorar Consulate said,  these documents would not be needed. Plaintiff reminded that they requested these documents and Plaintiff demanded that at least her sister's sworn affidavit be included with her application for her passport. **So Plaintiff submitted all requested documents and paid the fees of $298.00 at the embassy for the application of her Passport, the 25th of September 2020. (See EXHIBIT E, copy of the receipt issued by the German Consulate for the fees for Plaintiff's Passport-application paid).**

It took 8-10 weeks and Plaintiff called the Honorar Consul in Kansas-City asking about her Passport. The Kansas City branch said it could take 16 weeks (because of the pandemic) – Plaintiff contacted the German Consulate in Chicago asking for her Passport there as well and they said they could not proceed with her application as she would need to submit her **de-registration** from Germany and a document for her **status of legal residency here in the USA**. (see **EXHIBIT F**, email of the German Consulate, of Nov.2020, asking for these already submitted documents again).

Plaintiff answered that **she already submitted these requested documents**...
as she

a) paid the additional fees for not having a de-registration (**see EXHIBIT   E receipt of Plaintiff's passport fees paid, plaintiff paid for the additional fees for the nissing de-registration as well**), because Plaintiff did not intend to stay longer than 3 months in the United States) – and

b) that she forwarded the permission of the American Immigration Agency that granted her to remain in the United States legally for an undefined time.(**see EXHIBIT C**, copy of this document).

The German Consulate answered (acted little irritated and surprised) that they realized that these additional fees for Plaintiff's missing de-registration were paid, (*they must*

*have overlooked it when they did not even pay attention to Plaintiff's application anyway...*) – and continued regarding Plaintiff's status for residing legally in the USA, that **it would not be enough** as it is - and Plaintiff would need something different (without pointing out precisely what they wanted to 'be enabled' to issue Plaintiff's new Passport).

They came up with a few ideas and ended with a NEGATIVE STATEMENT to be obtained via the FOIA. A statement like the consulate requested **does not state anything regarding Plaintiff's status of residing legally in the United States of America**, but Defendants wanted to request an additional document, with or without the actual purpose, to have a reason to withhold her passport.

Plaintiff tried for this Negative Statement but received a copy of her entire case (251 pages) – nothing different or additional to **again** confirm her legal status of residency in the USA than what Plaintiff already submitted with her Passport application, that she is granted to remain legally in the USA (for an undetermined or undefined time) until her case is decided.

The German consulate obviously did not like these facts and intentionally took them for a reason again to withhold/deny Plaintiff's Passport. (Defendants requested a made-up document, two months after the Pass-application, that does not provide any significant or different information, nothing else than what Plaintiff already submitted, and does not provide the information requested regarding Plaintiff's status of legal residency in the USA, Defendants requested this document as for an excuse to withhold Plaintiff's Passport again). Defendants are intentionally withholding Plaintiff's Passport for inadequate reasons, which constitutes omission in order to perform a duty and illegal harassment, both in retaliation – Defendants act of intentional omission is prohibited by German Law as well (as mentioned above). Defendants intentionally harmed Plaintiff.

12.    Plaintiff believes that Defendant's refusal to normally proceed with issuing her Passport is an act of intentional and willful discrimination and harassment against Plaintiff ongoing since 2017 here in the United States and it's occurring only as an unlawful act of retaliation to harm Plaintiff - because Plaintiff filed a lawsuit in Germany

against family members of a former Nazi-Judge. Plaintiff objected illegal and proven criminal misconducts that violated the human rights and other civil rights of Plaintiff's family and herself in Germany.

Back in 2007 Plaintiff applied for her Passport in Germany <u>before she filed this lawsuit in Germany</u>, Plaintiff did not have any issues obtaining her Passport at all. (See copy of Plaintiff's expired Passport issued 2007 in Kassel, Germany = **EXHIBIT B**)

13.    Plaintiff did not provide any appropriate reason or provocation for Defendants to discriminate against or treat her indifferently and to withhold her Passport.  Plaintiff provided all necessary and requested documents and paid the fees soon as she could when she applied for her new passport the 25th of September 2020 – even though Plaintiff still had lesser money available than any German individual being on welfare, which entitled her to a fee waiver – the German consulate did not care, they just wanted to charge the fees, they overcharged Plaintiff with these fees (Plaintiff's old German passport was expired in 2017 and she urgently needed and needs a new Passport so Plaintiff paid the fees in 2020 and forwarded all requested and needed documents personally to the German Embassy in Kansas City to be forwarded to the German Consulate in Chicago in order to get her new Passport).

14.    In 2017 Defendants refused to accept Plaintiff's application, arguing that she **has** to pay the fees (excluding the possibility of the applicable fee waiver), Defendants would have applied any fee-waiver for a German Nazi-criminal to stay in the USA peacefully and in freedom...like they did with all Nazi-criminals, but for Plaintiff as a family member of Nazi-victims, these waivers obviously never apply; which is clearly an indifferent treatment, which is intentional or willful discrimination, to say the least. Plaintiff honestly explained that she did not have enough money to pay the fees and offered the requested evidences for that – but defendants insisted on the fees to be paid and her proof would not be enough (even thou it was enough) and intentionally refused a possible and applicable fee-waiver... Subsequently Plaintiff could not apply for her passport in 2017 - even though it was urgently needed for Plaintiff to have a

valid ID to proceed with her immigration case here in the USA and also because Plaintiff had a job-offer in a foreign country. Plaintiff lost more than one well paid job-opportunities and could not proceed with her immigration case here in the USA. Plaintiff was harmed significantly, her rights were restricted and removed as listed above. Plaintiff was not able to proceed with her immigration case and was not able to travel to start a new job in an other country neither.

This violated Plaintiff's protected rights, Plaintiff was harmed significantly regarding her enjoyment of life, her right and freedom for work, her right and freedom to travel, her right for an appropriate standard of life and her livelihood.

It further caused significant emotional distress to Plaintiff living with low to nearly no income and not having any security also during this time of pandemic. Without a Passport or an ID Plaintiff could and can not even apply for an ITIN or for a stimulus check, which clearly is further indifferent treatment, it is discrimination – Plaintiff stood and stands in this situation with nothing, all depending on herself –

Defendants knew they would harm Plaintiff when they intentionally refused and failed to fulfill their obligational duty, their part of providing a public service that Plaintiff paid the fees for.

Compare to cases, where former Nazi-criminals immigrated to the USA after WWII (which is common knowledge), where they could live their entire life here in the USA in freedom and peace without any issues regarding their valid ID or for their crimes they committed, no German official came to harass, retaliate and harm them, but Plaintiff as a member of a family of Nazi-victims for 3 generations endures a significantly indifferent treatment, which is clearly a discriminatory misconduct in retaliation for Plaintiff objected criminal misconducts committed by family members of a former Nazi-Judge (Walther Hartz, Kiel, former Nazi-Judge in Brussels and Judge at the German Supreme Court after WWII) before Plaintiff **had to** leave her home country.


15.    Defendants for the second time now are causing this harm and distress willingly/ intentionally in order to retaliate against Plaintiff. (Plaintiff tried to apply for her Passport in in 2017 and finally applied for it in September 2020).

These defendants as public officials have no reason by law to deny Plaintiff's passport, they even violate existing German law and regulations denying Plaintiff's Passport, knowingly restricting Plaintiff's rights, without an adequate or appropriate reason.

 A consulate of any country actually has the purpose to help and support, to 'foster' its citizens living in a foreign country - and not to retaliate and discriminate against them, harassing  and harming them intentionally and willingly (just because they already did so while these citizens were living in their home country).

Plaintiff wishes to make clear, that she never violated any rules or regulations in her home-country, Plaintiff never did anything wrong, neither by seeking asylum in the United States - so Defendants had and have no adequate reason by law for withholding her Passport since 2017. **It is prohibited by law in Germany to deny a Passport for inadequate or inappropriate reasons (persuant to the German Passgesetz, Paragraph 7, (2) ) – also is it prohibited to deprive a person of its citizenship or of the rights that are associated with the citizenship, Plaintiff is a German citizen pursuant to the German Constitution, Article 116, (1). It is illegal harassment and violating German law as well – aside from the fact that it subsequently violates protected rights here in the United States pursuant to the First Amendment to the Constitution of the United States of America in coherence with Section 1983.**

16.     Defendants **intentionally retaliated** and discriminated against Plaintiff beyond gross negligence **by their omission to perform their duty, failing to issue Plaintiffs' Passport** and thereby willingly and knowingly harmed Plaintiff, restricting and depriving her of protected civil rights and her livelihood here in the United States. Defendants acted intentionally with spiteful, jealous and evil intent, dragging on their discrimination and retaliation as an intentional/willful misconduct against Plaintiff into a different country. into the United States Of America.

        Defendants knowingly, willingly and intentionally harmed Plaintiff.

Plaintiff is entitled to damages/compensation, punitive damages and injunctive relief.

## Cause of Action and Prayers for Relief
## Violation of Section 1983 in coherence with the First Amendment to the Constitution of the United States of America

17.    Plaintiff repeats and incorporates by reference into this cause of action the allegation set forth in the paragraphs above.

18.    The foregoing acts and omissions by Defendants constitute an act of unlawful retaliation, implicating a number of intentional violations of Plaintiff's protected civil rights pursuant to the First Amendment to the United States of America and Section 1983 and a number of International Human Right violations (...) as well as a number of violations of German laws, pursuant to the Constitution of Germany and Europe (German and European Grundgesetz), like the 'Inviolability of Human Dignity', which is the first Article of the German Constitution,  and the German regulations for 'Crimes or Misconducts in Office' or 'Straftaten im Amt', like 'Omission to perform an official or obligational duty' or 'Overcharging of Fees' and 'Prohibition of Harassment', ('Schikaneverbot').

19.    As a result of Defendants' repeated intentional violations of Plaintiff's civil rights as an act of retaliation, protected persuant to the First Amendment to the Constitution of the United States of America in coherence with Section 1983, Plaintiff is entitled to an award of monetary damages /compensation of $ 12 Million for violation of Plainitff's protected rights under the First Amendment to the Constitution of the United States of America and Section 1983 by Defendants for the duration of about 5 years (June/July 2017 – July 2021).

Plaintiff is entitled to damages/compensation, punitive damages and injunctive relief.

## Cause of Action and Prayers for Relief
## Violation of Section 1983 in coherence with the First Amendment to the Constitution of the United States of America

17.    Plaintiff repeats and incorporates by reference into this cause of action the allegation set forth in the paragraphs above.

18.    The foregoing acts and omissions by Defendants constitute an act of unlawful retaliation, implicating a number of intentional violations of Plaintiff's protected civil rights pursuant to the First Amendment to the United States of America and Section 1983 and a number of International Human Right violations (...) as well as a number of violations of German laws, pursuant to the Constitution of Germany and Europe (German and European Grundgesetz), like the 'Inviolability of Human Dignity', which is the first Article of the German Constitution,  and the German regulations for 'Crimes or Misconducts in Office' or 'Straftaten im Amt', like 'Omission to perform an official or obligational duty' or 'Overcharging of Fees' and 'Prohibition of Harassment', ('Schikaneverbot').

19.    As a result of Defendants' repeated intentional violations of Plaintiff's civil rights as an act of retaliation, protected persuant to the First Amendment to the Constitution of the United States of America in coherence with Section 1983, Plaintiff is entitled to an award of monetary damages /compensation of $ 12 Million for violation of Plainitff's protected rights under the First Amendment to the Constitution of the United States of America and Section 1983 by Defendants for the duration of about 5 years (June/July 2017 – July 2021).

20.    As Defendants acted repeatedly in order to harm Plainiff, Plaintiff is further entitled and seeks punitive damages and injunctive relief to prevent and prohibit such conducts in future.

21.    Plaintiff prays this Court to determine the amount of punitive damages at its own discretion to efficiently discourage Defendants and to make Defendants regret and remorse their willful misconducts, retaliating against victims of Nazi-crimes for they engangned in a protected activity, objecting and complaining about the harm and loss they had to endure, which also is a protected activity within the scope of German law and regulations.

**22.    As an injunctive relief Plaintiff demands her new Passport to be issued immediately by Defendants without any further delay. Plaintiff applied for this Passport submitting all necessary and requested documents and paid the fees for it, the 25th of September 2020, see EXHIBIT E.**

Plaintiff wishes to make sure that Defendants never ever again discriminate, retaliate or harass or intimidate anyone for engaging in their right to object any unlawful misconducts, like criticizing or prosecuting Nazi-crimes in order to achieve justice for the harm and loss they had to endure.

Plaintiff aims to achieve the same rights and privileges for victims of Nazi-crimes as the Nazies or their families still enjoy in Germany. The same rights for all people, which resembles the 'Elimination of all forms of Discrimination, also the lesser obvious discrimination within the German administration or jurisdiction of today' and 'Same Dignity of each Human Life',  as it is given with the Universal Human Rights (UDHR). Therefore Plaintiff prays this Court to be very certain in discouraging the German Defendants here in this case. World War II is over for more than 75 years and still these identifications of overdrawn nationalism with tendencies to a so called 'master-race' exist, causing fatal discrimination as Plaintiff's family and herself had to experience – and **Plaintiff is experiencing still, here in this country,**

Case 5:21-cv-04048-TC-ADM   Document 1   Filed 08/02/21   Page 17 of 20

all along with Defendants' field of expertise in 'sugar-coating' intentional misconducts and characters that committed these crimes that were nothing but retaliation against Plaintiff's family and herself, so Plaintiff prays this Court to accordingly apply a suitable amount of punitive damages and suggests an adequately irritating multiplying factor (if needed to be applied) to Plaintiff's requested damages/compensation, if Defendants further delay or refuse to issue her new Passport, or subject Plaintiff's sister in Germany to harassment and/or discrimination in retaliation for this lawsuit.

Withholding Plaintiff's Passport for about 5 years by now for no reason by law – is more than inappropriate, it is unlawful and even if is meant to distract and deprive Plaintiff of her rights for living her life (like her younger brother had to endure during his last 5 ½ years before he died), and to further criticizing Defendants' intentional misconducts, also these crimes against humanity that Plaintiff's family and herself had to endure, it does anything but intimidating Plaintiff. We are living in the United States of America and not in a - by these Defendants' criminal greed re-created –, abusive, inhumane concentration camp. As said before, WWII is over for more than 75 years. If this undisputed fact still has to be brought to Defendants' attention to change and correct their objects of identification, and to regret their intentional misconducts, as it obviously has to, Plaintiff is entitled to and demands an adequate and effective relief as set forth above.

23.     Additional Note as for Plaintiff's <u>injunctive relief</u>:

Plaintiff encloses as **EXHIBIT D** the translated content of her email to the German consulate of November 2020 (notarized) – to prove that Plaintiff tried to solve the issue outside of Court, and in support of Plaintiff's knowledge that these Defendants do not represent the German people, as they are supposed to as employees of a consulate or an embassy of Germany, they represent and behave just like those persons that are responsible for the dead of Plaintiff's younger Brother in Germany. Plaintiff doubts that the United States of America needs these kind of influences, that are keeping Plainitiff in about the same situation like Jewish people in Germany had to experience before they were deported to the concentration camps, without any possibility to work or to

generate money (starting 1933 in Germany – according diary entries of a former Nazi-Judge)   - neither does Germany need this kind of representation here in the USA - and therefore Plaintiff urgently suggests this Court to order the German government (Defendants)

a) to expel these persons listed with **EXHIBIT A**  as persona non grata –,

b) withdraw their immunity (if they are holding such privileges), and to  -

c) ban them from ever entering the United States of America again,

also **pursuant to the German Constitution, Article 139**, ('Continued Applicability of de-nazification provisions') – and Plaintiff further prays this Court

to order the German Government (Defendants) to charge and prosecute these Defendants (the named employees of the German Consulate in Chicago, listed on **EXHIBIT A**), at least by applicating German Law, for

d) intentional failure to perform their duty (in omission), pursuant to German Law, Artikel 34 of the German Constitution

and

e) pursuant StGB, Paragraph 352 for  trying (in 2017) to  - **and** for committing the misconduct (in 2020) of 'Overcharging of fees' according the German Law, section 'Crimes in office':

*Strafgesetzbuch (StGB)*

*§ 352 Gebührenüberhebung (**Overcharging of Fees**)*

*(1) Ein Amtsträger, Anwalt oder sonstiger Rechtsbeistand, welcher Gebühren oder andere Vergütungen für amtliche Verrichtungen zu seinem Vorteil zu erheben hat, wird, wenn er Gebühren oder Vergütungen erhebt, von denen er weiß, daß der Zahlende sie überhaupt nicht oder nur in geringerem Betrag schuldet, mit Freiheitsstrafe bis zu einem Jahr oder mit Geldstrafe bestraft.*
*(2) Der Versuch ist strafbar.*

There are better people available for this job, in Germany and here in the United States of America for representing Germany here in the USA.

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of
America, Plaintiff is entitled to, and demands, a trial by jury.


Plaintiff wishes to reserve the right for providing further evidences.

s/ Ursula Lenhardt

(Plaintiff, pro se)
489 South East Street
Mankato, Kansas 66956
UNITED STATES OF AMERICA
tel.: (785)282-8422
email: u.lenhardt@gmx.com

## Certificate of Service

Plaintiff Ursula Lenhardt certifies and confirms that one example of the aforesaid civil complaint of  and EXHIBITS (A, B, C, D, E and F), Motion to proceed IFP plus requested attachment thereto, and a coversheet and the form for summons been forwarded by First Class US postal mail, prepaid, to the Clerk of the United States District Court

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

444 S.E. Quincy, Topeka, Kansas 66683

Room 490 - - - - - -

one example of the complete and unaltered civil-complaint plus  EXHIBITS and court summons, is to be forwarded/served upon Defendants', transmitted to Defendants via
**Fax-Number: +49302827-3402 soon as Plaintiff receives the case-number by the court.**

*(pursuant to Supreme Court ruling of March 2019, the FSIA requires that civil process
court summons and civil complaints - be addressed and delivered directly to the Foreign Minister of a
Foreign State – and that delivery to an embassy in the USA is not sufficient.
According German Law, is a submission of legal documents by Fax sufficient and allowed as it
provides proof of service)*

Defendants address and Fax-Number:

Auswaertiges Amt
Aussenminister der Bundesrepublik Deutschland /
German Foreign Minister
Mr. Heiko Maas
Werderscher Markt 1
10117 Berlin, Germany – - Postanschrift 11013 Berlin
**via Fax +49301817-3402**

on this day, 7/26/2021,          respectfully submitted,

s/Ursula Lenhardt, Plaintiff

date:  7/26/2021