**In the United States District Court
for the District of Kansas**

---

Case No. 5:21-cv-04048-TC-ADM

---

URSULA LENHARDT,

*Plaintiff*

v.

FEDERAL REPUBLIC OF GERMANY, ET AL.,

*Defendants*

---

### ORDER ADOPTING REPORT & RECOMMENDATION

Magistrate Judge Angel D. Mitchell issued a Report and Recommendation (R&R) that Plaintiff Ursula Lenhardt's claims against Germany, its Foreign Ministry, Minister for Foreign Affairs Heiko Maas, and employees of the German Consulate be dismissed without leave to amend. Doc. 6. The R&R fully analyzed Defendants' immunities under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 *et seq.*, identified this Court's lack of subject-matter jurisdiction over Lenhardt's claims, and observed the Complaint's failure to state cognizable claims under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2). Doc. 6. The R&R was sent to Lenhardt via certified and regular mail on August 20, 2021, and she received the certified mail on August 23, 2021. Doc. 6; *see also* Doc. 7 (certified mail return receipt). The R&R provided that Plaintiff would have 14 days after service to file any objections. Doc. 6 at 11.

Lenhardt's time to file her objections has elapsed without any objection to the R&R. Lenhardt has, however, filed a document titled "Motion for Extension of Time to Obtain Counsel," stating that she needs counsel in order to make an objection to the R&R and to collect evidence. Doc. 8 at 1. That motion has been denied. Doc. 9. As a result, the R&R should be adopted in full. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72; *see also Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1152 (10th Cir. 2007) (holding failure to object firmly waives appellate review of R&R).

Although Lenhardt's motion does not purport to contain her objections to the R&R, it does contain a "Draft of Proposed Objections." Doc. 8 at 2. Even if the Court were to liberally construe this document as a timely preservation of Lenhardt's objections, *see Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009), those objections would be overruled because they are substantively insufficient to overcome the deficiencies the R&R identified.

Any timely objections would require the Court to review, de novo, "those portions of the report" to which an objection is lodged. 28 U.S.C. § 636(b)(1). Here, Lenhardt's potential objections are threefold: (i) that under German law there were no applicable reasons to deny her a passport, (ii) that her filed Complaint is missing an "Exhibit F" that would prove the German government's ill motives in denying her a passport, and (iii) that her Complaint alleges knowing violations that preclude qualified immunity for her Section 1983 claims. Doc. 8 at 2.

The first two objections could not be sustained because they pertain to fact issues with which the R&R was not concerned. *See* Doc. 6 at 3 (accepting Complaint's facts as true); Doc. 6 at 5 (correctly observing that the FSIA provides immunity even assuming the denial of Plaintiff's passport was wrongful). The R&R's reasoning is sound: issuing a passport is precisely the kind of discretionary function that immunizes a foreign government from review in this country's courts. And even assuming, as the R&R does, that Defendants abused this discretion, it would not change the discretionary *nature* of the activity. 28 U.S.C. § 1605(a)(5)(A) (prohibiting suits arising from the performance of "a discretionary function *regardless of whether the discretion be abused*") (emphasis added); *see Nwoke v. Consulate of Nigeria*, No. 17-cv-00140, 2018 WL 1071445, at *4 (N.D. Ill. Feb. 27, 2018).

Nor could the third objection be sustained. It pertains to qualified immunity, a defense that need not be invoked where, as here, the R&R recommends finding that the Complaint fails to state a Section 1983 claim—even assuming its facts to be true and assuming, for the purpose of argument, the Court could exercise subject-matter jurisdiction. *See* Doc. 6 at 10–11. Lenhardt has not objected to that recommendation, *see* Doc. 8, which is sound.

Because Lenhardt has not properly or timely objected to the R&R, and because the objections that she arguably attempted to preserve by

2

motion would not survive a de novo review of the R&R, the Court accepts and adopts Judge Mitchell's R&R in its entirety.

IT IS, THEREFORE, ORDERED that the Report and Recommendation (Doc. 6) is adopted in its entirety and Lenhard's Complaint (Doc. 1) is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.


Date:  September 14, 2021          s/ Toby Crouse
                                                Toby Crouse
                                                United States District Judge